# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7429 | **DATE** | MAY 0 7 2012 |
| **CASE TITLE** | Joshua Amaro (#2009-1112112) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* [4] is granted. He is assessed an initial partial filing fee of $20.50. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall issue summonses for service of the complaint on Dr. Yom K. Yu. The other Defendants are dismissed. Plaintiff's motion for the appointment of counsel [5] is denied without prejudice.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Joshua Amaro, Cook County Jail inmate #2009-1112112, has submitted an *in forma pauperis* application in accordance with the court's 11/21/11 order. His application reveals that he is unable to prepay the filing fee. The court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $20.50. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Preliminary review of Plaintiff's allegations, *see* 28 U.S.C. § 1915A, shows that he has stated colorable claims against Dr. Yan K. Yu. Plaintiff alleges that had surgery to his hip in 2009 before his incarceration, that a blood clot filter was inserted during the surgery, which was supposed to be removed in November 2009, but that he was arrested prior to the date he was to have it removed. Allegedly, Plaintiff explained his situation to Dr. Yu at the jail, but Dr. Yu refused to refer Plaintiff to Stroger Hospital to see a surgeon. Plaintiff states that he had to file grievances before he was sent to Stroger Hospital in late spring of 2010. By the time he saw the correct specialist in August 2010, it was too late to have the filter removed. Such allegations are sufficient to state a colorable cause of action against Dr. Yu. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (delay in treatment, as well as not following the directives of a specialist can constitute deliberate indifference).

Plaintiff's complaint, however, alleges no claims against Tom Dart in his individual capacity, nor any claims of an unconstitutional custom or policy against Dart in his official capacity or against Cook County. A supervisory official, such as Dart, cannot be held liable on the basis of respondeat superior, but instead, must be personally liable for the injury. *Id.* at 755, *citing Vance v. Rumsfeld*, 653 F.3d 591, 599 (7th Cir. 2011). Accordingly, Tom Dart and Cook County are dismissed without prejudice. If Plaintiff seeks to include these Defendants in this case, he may seek to file an amended complaint that states valid claims against them. Cermak is also dismissed as a Defendant as it is not suable entity. *Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998).

## STATEMENT

The clerk shall issue summons for service of the complaint on Cermak physician Dr. Yan K. Yu, and the U.S. Marshal is directed to serve this Defendant. The Marshal may forward to Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendant. If Dr. Yu is no longer associated with Cermak, officials there shall provide the Marshal with Dr. Yu's last known address, which the Marshal may use only to serve him. Such address information shall not be kept in the court file nor divulged by the Marshal. The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, personal service must be attempted.

Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendant of his attorney, after one enters an appearance. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the court that do not comply with the court's instructions, may be returned to Plaintiff without being filed.

Plaintiff's motion for the appointment of counsel is denied without prejudice. At present, neither the issues nor the discovery of this case are complex, and Plaintiff appears competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).