Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7429 | **DATE** | 12/19/2012 |
| **CASE TITLE** | Joshua Amaro (#2009-1112112) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his amended complaint [14]. The clerk shall issue summons for service of the amended complaint against Cook County Sheriff Tom Dart. Defendant Dr. Yom K. Yu, who has already been served with the original complaint according to the return of summons [9], is directed to respond to the amended complaint within 30 days of the date of this order. Plaintiff's motion for a default judgment with respect to Dr. Yom K. Yu's failure to respond to the original complaint [12] is denied. Plaintiff's current motion for the appointment of counsel [15] is denied.

O[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Joshua Amaro, Cook County Jail inmate #2009-1112112, has submitted an amended complaint. Similar to his original complaint, Plaintiff alleges that he had surgery to his hip in 2009 before his arrest; that a blood clot filter was inserted during the surgery, which was supposed to be removed in November 2009; but that he was arrested prior to the date he was to have it removed. Allegedly, Plaintiff explained his situation to Dr. Yom K. Yu at the jail, who refused to refer Plaintiff to Stroger Hospital to see a surgeon based upon a belief that hospitals do not insert filters that can be removed. Dr. Yu nonetheless stated that he would pull Plaintiff's medical records and get back to him, which allegedly never occurred. Plaintiff states that he filed several grievances for further medical attention and was eventually sent to Stroger Hospital in late spring of 2010. A doctor at Stroger indicated that he did not have the proper equipment or tools to perform the surgery at that time and rescheduled the appointment. By the time Plaintiff returned to Stroger in August 2010, it was too late to perform the surgery, which he was told had to be performed within several months after he began to walk following his hip surgery. Plaintiff states that, as result of the filter being left in, he experiences difficulty walking and excruciating pain.

Plaintiff names as Defendants Dr. Yu, Cook County Sheriff Tom Dart, Cook County, and Cermak Health Services. Plaintiff has stated a colorable cause of action against Dr. Yu. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (delay in treatment, as well as not following the directives of a specialist can constitute deliberate indifference). Plaintiff allegations that he had to repeatedly file grievances to obtain medical attention and that Tom Dart was aware of the inadequate attention being given to requests for medical treatment also states a claim against Cook County and Tom Dart in his official capacity. Although boilerplate allegations of an unconstitutional custom or policy, without any factual allegations to support the general allegations, are insufficient to state a claim, *see Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986), "an official capacity claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on notice of the alleged wrongdoing." *Riley v. County of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Tom Dart and Cook County are thus reinstated as Defendants and must respond to the complaint. Cermak, however, is dismissed as it is not suable entity. *Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998).

| STATEMENT |
|---|
| The clerk shall issue summons for service of the complaint on Tom Dart and Cook County, and the U.S. Marshal is directed to serve them. The Marshal may forward to Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. If Defendants are no longer associated with Cook County Jail, jail and county officials shall provide the Marshal with information as to where they may be served. Address information shall be used only to effect service and shall not be kept in the court file nor divulged by the Marshal. The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, personal service must be attempted.<br><br>Given that the amended complaint is being allowed to proceed, which replaces the original complaint, Plaintiff's motion for a default judgment against Dr. Yu for his failure to respond to the original complaint is denied. Dr. Yu is given 30 days to answer or otherwise plead to the amended complaint.<br><br>Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendant of his attorney, after one enters an appearance. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the court that do not comply with the court's instructions, may be returned to Plaintiff without being filed.<br><br>Plaintiff's motion for the appointment of counsel is denied without prejudice. At present, neither the issues nor the discovery of this case are complex, and Plaintiff appears competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). |